IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CR. NO. 2:07cr070-WHA |
| DEMETRIA MURPHY | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #37), recommending that the Defendant's Motion to Suppress (Doc. #31) be denied, together with Defendant's Objection thereto (Doc. #47).

The Magistrate Judge held an evidentiary hearing on the Motion to Suppress, and thereafter entered his recommendation. In accordance with the law of this Circuit, the court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including reading the transcript of the evidentiary hearing, examining the exhibits, and fully considering the objections of the Defendant.[1]

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. *United States v. Raddatz*, 447 U.S. 667, 680, 100 S.Ct. 2406 (1980). It has been noted that "[I]mplicit in *Raddatz* is a recognition that the credibility findings of a magistrate, who personally observed and listened to the testimony of live witnesses, may be

---

[1] *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990) ("Thus, although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record. If the magistrate makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings.")

accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence." *Blizzard v. Quillen*, 579 F.Supp. 1446, 1449 (D.Del. 1984); see also *Buckley v. McGraw-Hill, Inc.*, 762 F.Supp. 430, 435 (D.N.H. 1991).

After reviewing the record and reading the transcript of the evidentiary hearing, the court makes an independent factual determination and agrees with the Magistrate Judge's credibility assessments.

The court finds no reason to question the findings of the Magistrate Judge or to order a new evidentiary hearing to take additional evidence.  See *United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983), cert. denied, *Wescott v. U.S.*, 463 U.S. 1212, 103 S.Ct. 3548 (1983) [2]; *United States v. Cofield*, 2001WL1422144 (11th Cir. 2001).[3]

The court agrees with the Magistrate Judge's factual determination that this was not a traffic stop, but that the firearms came into plain view while the trooper was attempting to find the fuel cut-off valve to assist in starting the vehicle.  There being no search, there was no unlawful seizure.

The evidence fully justified the Magistrate Judge's factual findings and legal determinations, and there is no merit to the objection.  Therefore,

It is hereby ORDERED as follows:

1.  The Objection is OVERRULED.

---

[2] "If the district court concurs with the magistrate's recommendation, it need not hold another evidentiary hearing, even where the credibility of certain witnesses might be an important factor in making the determination." *Id.*

[3] "In *United States v. Raddatz* (citation omitted), the Supreme Court held that a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings."

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. Defendant's Motion to Suppress is DENIED.

DONE this 28th day of August, 2007.

                                       /s/ W. Harold Albritton
                                       W. HAROLD ALBRITTON
                                       SENIOR UNITED STATES DISTRICT JUDGE